## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PEGGY A. MALONEY,

       Appellant,

      v.

EXECUTIVE OFFICE OF THE
    PRESIDENT, OFFICE OF
    ADMINISTRATION,

       Agency.

DOCKET NUMBER
DC-0752-20-0092-I-1

DATE: November 17, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Peggy A. Maloney</u>, Alexandria, Virginia, pro se.

<u>Tanesha Petty</u>, <u>Robin M Fields</u> and <u>Raheemah Abdulaleem</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed without prejudice her appeal of the agency's action removing her from employment. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The agency removed the appellant from her position based on a charge of Unprofessional Conduct. Initial Appeal File (IAF), Tab 19 at 18-23, Tab 26 at 4-11. After the appellant filed an appeal with the Board, the administrative judge dismissed the appeal without prejudice to refiling to afford the parties additional time to conduct discovery. IAF, Tab 40, Initial Decision (ID) at 1-3. The administrative judge noted that neither party objected when she proposed such a disposition of the appeal. ID at 2. Accordingly, the administrative judge dismissed the appeal without prejudice for 40 days subject to automatic refiling 36 days after issuance of the initial decision. ID at 2-3.

¶3 On petition for review, the appellant asserts that the certificate of service for the initial decision was not attached to the decision, but instead was "uploaded to the [Merit Systems Protection Board] web separately." Petition for Review (PFR) File, Tab 3 at 5. She also contends that there is no reference or indication as to what documents were "attached" to the certificate and which email addresses were used. *Id.* Therefore, she contends that the initial decision should be "DISMISS[ED]." *Id.* at 6. She also raises arguments relating to a separate individual right of action (IRA) appeal she filed, the severance of

appeals that had been joined, bias by the administrative judge, and an alleged denial of a within-grade increase (WIGI). *Id.* at 5-31. The agency has not responded to the petition for review. After the close of the record on review, the appellant filed motions for leave to file additional pleadings and evidence.[2] PFR File, Tabs 6, 10, 25, 31, 33, 38-39.

¶4        An administrative judge has wide discretion to control the proceedings before her, and the dismissal of an appeal without prejudice to refiling is a procedural option committed to her sound discretion. *Mojarro v. U.S. Postal Service*, 115 M.S.P.R. 433, ¶ 6 (2010). Outstanding discovery is a factor supporting such a dismissal by an administrative judge. *Jones v. Department of the Navy*, 70 M.S.P.R. 221, 224 (1996); *Roth v. Department of the Navy*, 46 M.S.P.R. 395, 396 n.3 (1990). The appellant's arguments regarding the certificate of service relating to the initial decision in this case, her separate IRA appeal, the severance of her appeals, and a denial of a WIGI are not relevant to the issue of whether the administrative judge abused her discretion in dismissing this appeal without prejudice to automatic refiling. Thus, the appellant has provided no basis for disturbing the initial decision, and we otherwise find no abuse of discretion in this regard by the administrative judge.

---

[2] The appellant raises in her motions "objection[s]" and contentions that essentially reiterate the arguments she makes in her petition for review, moves to compel and seeks sanctions in connection with the discovery process, requests to submit new evidence, and asks to incorporate pleadings she filed in other appeals. PFR File, Tabs 6, 10, 25, 31. Finally, she requests that the Board incorporate into the instant appeal all pleadings and evidence in all of her pending Board appeals and requests leave to file various objections. PFR File, Tab 33 at 4-5, Tabs 38-39. Once the record closes, no additional evidence or argument will be accepted unless it is new and material and was not readily available before the record closed. 5 C.F.R. § 1201.114(k). Evidence or argument is "material" if it is of sufficient weight to warrant a different outcome from the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that, to satisfy the "new and material evidence" criterion for granting a petition for review, the new evidentiary material must be of sufficient weight to warrant an outcome different than that ordered by the presiding official). None of the appellant's purportedly new evidence and argument concerns the dispositive issue before us—whether the administrative judge erroneously dismissed the instant appeal. Accordingly, we deny the motions.

¶5    In making a claim of bias against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Thompson v. Department of the Army*, 122 M.S.P.R. 372, ¶ 29 (2015). An administrative judge's conduct during the course of a proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence a deep-seated favoritism or antagonism that would make fair judgment impossible. *Id.* The mere fact that an administrative judge has ruled against a party does not establish bias. *Id.* The appellant's allegations of bias do not meet this standard under the circumstances of this case.

¶6    Accordingly, we deny the appellant's petition for review and affirm the initial decision dismissing this appeal without prejudice to refiling.

### NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Jennifer Everling

FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.